698 N.W.2d 153 (2005)
472 Mich. 901
McDONALD
v.
VAUGHN.
Docket No. 126771. COA No. 244687.
Supreme Court of Michigan.
May 13, 2005.
Leave to Appeal Denied.
*154 MARKMAN, J. (concurring).
While I concur in the decision to deny leave to appeal, I write separately to inquire of the dissenting justices what rule of law they would effect in the instant case  a rule of law that presumably would be equally applicable in the next thousand cases as in the instant case? (1) Would they hold that an affidavit that does not state that it is made on personal knowledge, that does not state any facts that are admissible as evidence, and that does not demonstrate that the affiant, if sworn as a witness, could testify competently, constitutes a valid affidavit? (2) Would they hold that such an affidavit, although invalid, nonetheless constitutes harmless error? (3) Would they hold that it constitutes an abuse of discretion on the part of the trial court not to admit such an affidavit? (4) Would they hold that, where a defective affidavit has been filed, it is always an abuse of discretion on the part of the trial court not to allow the filing party an opportunity to file a second affidavit? (5) If it would not always constitute an abuse of discretion not to allow a second affidavit, under what circumstances would they hold it does constitute an abuse of discretion? Once more, what is the rule of law that the dissenting justices would bestow upon our legal system by reversing the trial court and the Court of Appeals in this case?
Although Justice CAVANAGH chooses not to accept my invitation to articulate the rule of law that he would uphold by his dissenting position in this case, I am pleased to respond to his own invitation by predicting that the overwhelming majority of the "next thousand" cases of this kind will never be introduced at all into the appellate process because the parties will understand, as a result of the instant decision and others like it, that Michigan's court rules mean what they say and that a trial court does not abuse its discretion by adhering to such rules.
MICHAEL F. CAVANAGH, J.
I would remand this case to the Oakland Circuit Court for further proceedings since, under the facts of this case, the circuit court abused its discretion in failing to consider Dr. Tolia's August 8, 2002, affidavit; and would also urge Justice MARKMAN to pay close attention to the next thousand cases and determine what rule of law emerges.
MARILYN J. KELLY, J.
I would remand this case to the Oakland Circuit Court for further proceedings since, under the facts of this case, the circuit court abused its discretion in failing to consider Dr. Tolia's August 8, 2002, affidavit.